**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DESMOND BLAIR,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**TRAVELERS PERSONAL INSURANCE** )<br>**COMPANY,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NO. 5:24-CV-386 (MTT)** |

## ORDER

Defendant Travelers Personal Insurance Company ("Travelers") moves for partial

summary judgment on Plaintiff Desmond Blair's bad faith and attorney fee claims

(Counts II and III). ECF 39. For the following reasons, Travelers' motion (ECF 39) is

**GRANTED**.

## I. BACKGROUND[1]

Travelers issued Blair a homeowners policy covering residential property in

Macon, Georgia for the period of July 15, 2022, to July 15, 2023. ECF 39-2 ¶¶ 1, 2; 40-

7. The policy contains a "Concealment or Fraud" provision voiding coverage if an

insured has "[i]ntentionally concealed or misrepresented any material fact or

---

[1] Unless otherwise stated, these facts are undisputed and are viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Blair did not submit a separate and concise statement of material facts as required by the Local Rules, although his response brief includes a "Statement of Facts." ECF 41 at 2-4; *see* M.D. Ga. L. R. 56 ("Affidavits and the introductory portions of briefs do not constitute a statement of material facts"). Blair also did not respond to Travelers' statement of material facts. *Id.; see* ECF 39-2. Therefore, Travelers' statement of material fact is deemed to have been admitted by Blair. M.D. Ga. L. R. 56. Still, the Court further confirmed that the facts were supported by the record by "review[ing] all of the evidentiary materials submitted in support of" Travelers' motion. *United States v. One Piece of Real Prop'y*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

circumstance," "[e]ngaged in fraudulent conduct," or "[m]ade false statements" relating to the insurance. ECF 39-2 ¶ 3; 40-7 at 31.

On or around August 22, 2022, a fire caused damage to the property, and Blair submitted a claim under the policy. ECF 39-2 ¶¶ 2, 4; 1-2 ¶¶ 8, 9. Travelers hired a Certified Fire Investigator, who determined that the fire originated in the kitchen; debris samples established the presence of ignitable liquid consistent with gasoline in the area of origin; and "the fire was incendiary, the result of the application of an open flame to ignitable liquid vapors, specifically gasoline." ECF 39-2 ¶¶ 5–7; 39-18 at 2. However, Blair testified at his Examination Under Oath ("EUO") and deposition that no gasoline or gasoline-based products were kept at the property. ECF 39-2 ¶¶ 28, 29; 40-1 at 99:24–100:14; 39-6 at 130:16–131:15.

Blair testified at his EUO that he purchased the property from his brother, Ron Blair, for $450,000 on July 15, 2022, making a $3,000 cash down payment and paying $1,250 per month in cash. ECF 39-2 ¶¶ 11–14; 40-1 at 23:20–24:15. He also testified, however, that he purchased the property by acquiring Bar Nine, LLC, which owned the property, and that ownership was shared between himself and Bar Nine. ECF 39-2 ¶¶ 15–18; 40-1 at 24:16–25:1, 37:1–5. Blair admitted that Bibb County tax records as of July 2023 did not identify him as owner. ECF 39-2 ¶ 19; 40-1 at 37:18–38:5. A quitclaim deed transferring the property from Bar Nine to Ron Blair and a warranty deed transferring it from Ron Blair to Blair—both dated July 2022—were not filed with the Bibb County Superior Court until August 18, 2023, nearly a year after the fire. ECF 39-2 ¶¶ 30, 31, 35, 36; 39-21; 39-9. The warranty deed listed consideration of $350,000—$100,000 less than what Blair testified he paid for the property. ECF 39-2 ¶¶ 12, 37; 39-

9. While Blair's promissory notes are dated July 15, 2022, Blair's signature on the Installment Promissory Note is dated July 15, 2023, and his signature on the Secured Promissory Note is dated July 22, 2023. ECF 39-2 ¶¶ 41–55; 39-8; 39-11.

In his deposition, Blair testified that he was living at the property as of May 2020. ECF 39-2 ¶ 59; 39-6 at 29:11–20. However, bank statements Blair provided to Travelers showed his address changed from the property to 1156 Triple Hill Drive, Apartment 5E, Macon, GA 31206 in April 2021 and remained at that address through at least December 2022. ECF 39-2 ¶¶ 58, 60–62; 39-7.

Blair submitted to Travelers an inventory of damaged personal property totaling $209,076.91, in which every listed item was six months old or newer at the time of the fire. ECF 39-2 ¶¶ 64–66; 39-10. Blair submitted an affidavit stating he had no paper receipts, and the digital receipts he provided did not verify the purchase of any item on the inventory. ECF 39-2 ¶¶ 67, 68; 39-10; 39-12; 39-13. Blair testified that he did not file tax returns in 2019, 2020, or 2021, worked at multiple fast-food restaurants earning $15–$18 per hour from January through August 2022, and could not calculate his hours in any given week. ECF 39-2 ¶¶ 69–76; 39-6 at 107:16–20; 40-1 at 73:1–5, 107:16–20, 109:22–110:10.

Blair submitted a claim for additional living expenses which included a lease showing an annual rent of $48,500 owed to landlord Wykeise Liddell. ECF 39-2 ¶¶ 77–79; 40-13; 40-14. At his EUO, Blair testified he did not know who Wykeise Liddell was. ECF 39-2 ¶ 81; 40-1 at 13:23–14:11. At his deposition, he testified that Wykeise Liddell is the minor child of Jakeyra Blair—his sister-in-law—and that Jakeyra Blair had provided him the lease to sign and received his payment. ECF 39-2 ¶¶ 27, 82–85; 39-6

at 168:13–169:16, 173:5–174:6. Blair testified he paid the $48,500 in a single transaction, but his bank statements do not reflect any such payment. ECF 39-2 ¶¶ 84, 86; 39-6 at 173:5–25; 39-14. In response to Travelers' interrogatories, Blair stated he did not believe any additional living expenses were incurred. ECF 39-2 ¶ 89; 39-23 ¶ 12(e).

On January 22, 2024, Travelers denied Blair's claim on the grounds that he lacked an insurable interest in the property, the property was not his residence premises, and he had concealed or misrepresented material facts relating to his insurable interest, the cause of the fire, his personal property, and his additional living expenses. ECF 39-2 ¶ 90; 39-24; 39-25. Travelers now moves for partial summary judgment on Blair's bad faith and attorney fees claims (Counts II and III).

## II. STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it 'must support its motion with credible evidence … that would entitle it to a directed verdict if not controverted at trial.' In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a

-4-

material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In contrast, "[w]hen the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp.*, 477 U.S. at 323). The moving party "simply may show ... that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (cleaned up). "Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp. v. City of Atlanta,* 281 F.3d 1220, 1224–25 (11th Cir. 2002) (citing *Celotex Corp.*, 477 U.S. at 324).[2]

In determining whether a genuine dispute of material fact exists, the Court "must avoid weighing conflicting evidence or making credibility determinations." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is any fact relevant or necessary to the outcome of the suit, and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Furthermore, "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to

---

[2] Under Georgia law, to support a cause of action under O.C.G.A. § 33-4-6, the insured has the burden to prove that the refusal to pay the claim was made in bad faith. *Moon v. Mercury Insurance Company of Georgia,* 253 Ga. App. 506, 507, 559 S.E.2d 532 (2002).

particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56.

### III. DISCUSSION

**A. Bad Faith Claim**

In Count II, Blair asserts that Travelers acted in bad faith when it refused to pay his claim. ECF 1-2 ¶¶ 31-41 (citing O.C.G.A. § 33-4-6)). To prevail on his bad faith claim, Blair must prove that "(1) the claim is covered; (2) a demand for payment was made against [Travelers] within 60 days prior to filing suit; and (3) [Travelers'] failure to pay was motivated by bad faith." *Am. Safety Indem. Co. v. Sto Corp.*, 342 Ga. App. 263, 273, 802 S.E.2d 448, 456 (2017). Blair's bad faith claim fails because Travelers had reasonable grounds to contest the claim and thus its failure to pay was not motivated by bad faith.

"Penalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." *Lee v. Mercury Ins. Co. of Georgia*, 343 Ga. App. 729, 748, 808 S.E.2d 116, 133 (2017) (quoting *Am. Safety Indem. Co.*, 342 Ga. App. at 273, 802 S.E.2d at 456). "Rather, bad faith is shown by 'evidence that under *the terms of the policy* upon which the demand is made and under the facts surrounding the response to that demand, the insurer had no good cause for resisting and delaying payment.'" *Old Republic Nat'l Title Ins. Co. v. RM Kids, LLC*, 337 Ga. App. 638, 650, 788 S.E.2d 542, 553 (2016) (quoting *Laws. Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 731, 691 S.E.2d 633, 637 (2010)). "Ordinarily, the question of bad faith is one for the jury." *Am. Safety Indem. Co.*, 342 Ga. App. at 273, 802 S.E.2d at 457. "However, 'when there is no evidence of unfounded reason for the

nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties.'" *Id.* (quoting *Amica Mut. Ins. Co. v. Sanders*, 335 Ga. App. 245, 250, 779 S.E.2d 459, 463 (2015)) (emphasis omitted). "Because the damages are in the nature of a penalty, the statute is strictly construed and the right to such recovery must be clearly shown." *Fla. Int'l Indem. Co. v. Osgood*, 233 Ga. App. 111, 115–16, 503 S.E.2d 371, 375 (1998). Summary judgment is appropriate "where the insurer has reasonable grounds to contest the claim or the question of liability is close." *Id.*

Travelers argues that reasonable grounds existed for it to contest Blair's claim based on evidence that Blair concealed or misrepresented material facts related to the cause of the fire, his ownership and occupancy of the property, the value and quantity of damaged items, and the additional living expenses he incurred. ECF 39-1 at 12–19. Perhaps misunderstanding the legal standard, Blair argues throughout his response brief that "[g]enuine disputes of material fact pervade Defendant's purported 'reasonable basis' narrative." ECF 41 at 1; *see id.* at 6 ("[A]ll of the facts that Defendant rely on in their motion are disputed. The issues of homeownership, the cause of the fire and payments made on the claim are highly disputed issues within the record of this case."); *id.* at 8 ("Whether the Plaintiff made misrepresentations or concealed relevant information are fact questions for the jury that should not be decided on summary judgment."); *id.* at 9 ("Defendant asserts 'material misrepresentations' as to ownership and occupancy. But the record is internally mixed: Plaintiff explained an ownership structure involving Bar Nine and later produced deeds and notes; the timing of filings and signature dates presents credibility questions that cannot be weighed against Plaintiff at this stage."). Given the nature and extent of the factual disputes

acknowledged by Blair, he effectively concedes that summary judgment on his bad faith claim is appropriate. *See Moon,* 253 Ga. App. at 509 ("It is the very fact that certain factual issues regarding the merits of a claim are in genuine conflict that causes there to be no conflict, as a matter of law, whether an insurance company had reasonable grounds to contest a particular claim.") (quoting *Rice v. State Farm Fire & Cas. Co.*, 208 Ga. App. 166, 169, 430 S.E.2d 75, 78 (1993)).

Blair's bad faith claim fails because Travelers had reasonable grounds to contest his claim, as both parties agree there are disputed questions of fact regarding the merits of the claim. Accordingly, Travelers' motion for summary judgment on Blair's bad faith claim (Count II) is **GRANTED**.

## B. Attorney Fees and Costs

In Count III, Blair requests attorney fees pursuant to O.C.G.A. § 13-6-11 and O.C.G.A. § 9-15-14. ECF 1-2 at ¶¶ 42-44. O.C.G.A. § 13-6-11 allows litigation expenses to be paid to the plaintiff if he has specially plead such damages, and the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. Similarly, O.C.G.A. § 9-15-14 permits a party to file a motion for attorney fees and litigation expenses against an attorney or party that engages in abusive litigation. Travelers contends that Blair cannot recover costs and fees pursuant to either statute because "'O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith denial of benefits.'" ECF 39-1 at 20 (quoting *United Service Auto. Ass'n v. Carroll*, 226 Ga. App. 144, 149, 486 S.E.2d 613, 617 (1997)).

As discussed above, Blair seeks damages for bad faith denial of benefits pursuant to O.C.G.A. § 33-4-6. ECF 1-2 ¶¶ 31-41. The Court agrees with Travelers that

litigation expenses pursuant to O.C.G.A. § 13-6-11 are not recoverable as a matter of law. *See Carroll,* 226 Ga. App. at 149, 486 S.E.2d at 617. And Blair's prayer for relief under O.C.G.A. § 9-15-14 is improper. While O.C.G.A. § 9-15-14 allows a party to file a motion seeking relief under the statute, the statute does not create an independent cause of action. *See* O.C.G.A. § 9-15-14(e); *Condon v. Vickery*, 270 Ga. App. 322, 326, 606 S.E.2d 336, 340 (2004); *Lorgus v. Tureau,* 2024 U.S. Dist. LEXIS 159108, at *6, 2024 WL 4043815, at *2 (M.D. Ga. Sep. 4, 2024). Accordingly, Travelers' motion for summary judgment on Blair's claim for attorney fees and costs (Count III) is **GRANTED.**

### IV. CONCLUSION

For the foregoing reasons, Travelers' motion for partial summary judgment (ECF 39) on Blair's bad faith and attorney fees claims (Counts II and III) is **GRANTED**.

**SO ORDERED**, this 9th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT